T.C. Memo. 2004-137


UNITED STATES TAX COURT


LYNDON D. SINELE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7801-02.            Filed June 10, 2004.


<u>Jerrold N. Arnowitz</u> (specially recognized) and <u>John L. Hause</u> (specially recognized), for petitioner.[1]

<u>D. Sean McMahon</u>, for respondent.

---

[1] At calendar call, Mr. Arnowitz and Mr. Hause advised the Court that they had just been retained by petitioner. The Court asked if they were admitted to practice before the Court. Mr. Arnowitz and Mr. Hause advised the Court that although they were admitted to practice in Massachusetts, they were in the process of being admitted to the Court. Between calendar call and the trial, both Mr. Arnowitz and Mr. Hause were admitted to practice before the Court. At trial, Mr. Hause appeared on behalf of petitioner.

Subsequent to the trial, petitioner filed two motions to extend time to file his opening brief. In the motions, he stated that he could no longer afford Mr. Arnowitz and Mr. Hause and they no longer represented him. It is unclear, however, whether Mr. Arnowitz and Mr. Hause represented petitioner during the briefing period as Mr. Arnowitz and Mr. Hause have not filed a motion to withdraw as counsel and no briefs were filed by petitioner.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a $7,411 deficiency in and a $1,457 penalty pursuant to section 6662[2] on petitioner's 2000 Federal income tax.  After concessions,[3] the issues for decision are:  (1) Whether during 2000 petitioner received $29,490.83 in income from Dynamex Operations East, Inc. (Dynamex); and (2) whether petitioner is liable for the section 6662 penalty for 2000.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The oral stipulation of facts and the referenced exhibits are incorporated herein by this reference.  At the time he filed the petition, petitioner resided in Claycomo, Missouri.

During 2000, petitioner worked for Professional Express, Inc. (PEI), and Dynamex.  During 2000, petitioner received wage income of $1,414.56 from PEI, and he received income of

---

[2]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]  Petitioner conceded that during 2000 he received $1,414.56 in wage income from Professional Express, Inc.  At trial, petitioner failed to address respondent's self-employment tax determination with respect to income from Dynamex, other than to dispute receiving the amount subject to self-employment tax. Petitioner failed to file any briefs.  Accordingly, the application of self-employment tax is computational.

$29,490.83 from Dynamex in exchange for services he performed for Dynamex as an independent contractor.

Petitioner timely filed his Federal income tax return for 2000 (2000 return). Petitioner's 2000 return contained all zeros except for $125 listed as Federal income tax withheld, total payments, amount overpaid, and amount he wanted refunded. Attached to his 2000 return was (1) a Form W-2, Wage and Tax Statement, from PEI listing $1,414.56 in wages, (2) a Form 1099-MISC, Miscellaneous Income, from Dynamex listing $29,490.83 in nonemployee compensation (Form 1099), and (3) a 2-page document containing frivolous and groundless arguments regarding why he was not subject to tax.

On or about June 4, 2001, in response to a letter from respondent regarding his 2000 tax year, petitioner mailed respondent a 6-page letter containing frivolous and groundless arguments regarding why he was not subject to tax.

Respondent issued petitioner a notice of deficiency determining a $7,411 deficiency and a $1,457 section 6662 penalty for 2000. The deficiency and penalty were based on the amounts PEI and Dynamex paid to petitioner in 2000 and corresponding adjustments for self-employment tax.

Petitioner filed a petition and an amended petition contesting respondent's determination. Petitioner designated Boston, Massachusetts, as the place of trial.

Respondent made several attempts to contact petitioner in advance of trial, including sending a <u>Branerton</u> letter, in order to stipulate facts and documents for trial. In response to respondent's <u>Branerton</u> letter, petitioner advised respondent that he would not be available to meet until the day of calendar call. Petitioner later advised respondent that he would be in Boston on the Friday before calendar call to meet with respondent and discuss the stipulation of facts. Petitioner did not show up for this meeting.

Petitioner first contacted Mr. Arnowitz and Mr. Hause the Thursday before calendar call, and he retained them to represent him the next day (the Friday before calendar call).

OPINION

I. <u>The Deficiency</u>

A. <u>Burden of Proof</u>

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Code.

At calendar call, petitioner for the first time disputed receiving the income from Dynamex or attaching the Form 1099 to his 2000 return. At trial, petitioner did not present evidence with respect to any factual issue relevant to ascertaining his liability for income tax for 2000.[4] Petitioner merely objected to documents respondent wished to submit, and we received, as evidence. As petitioner presented no credible evidence, he bears the burden of proof.[5]

B. Gross Income

Petitioner conceded receiving wage income from PEI. The issue is whether petitioner received gross income from Dynamex.

Section 61 defines gross income as all income from whatever source derived. Gross income includes compensation for services. Sec. 61(a)(1).

Respondent submitted petitioner's 2000 return, which included the Form 1099 that was attached to the 2000 return (listing $29,490.83 in income paid to petitioner from Dynamex), and business records of Dynamex establishing the payments Dynamex

---

[4] Petitioner was not present at the calendar call or trial. The four oral stipulations of fact Mr. Hause agreed to at trial were: (1) Petitioner's Social Security number and petitioner was a citizen of the United States; (2) petitioner's residence at the time he filed the petition; (3) petitioner timely filed his 2000 return; and (4) during 2000 petitioner received $1,414.56 in wage income from PEI.

[5] We note, however, that our resolution of this issue does not depend on which party bears the burden of proof.

made to petitioner in 2000. The documentary evidence establishes that Dynamex paid petitioner $29,490.83 in nonemployee compensation in 2000. Petitioner's claim that he did not receive this income is without merit. Accordingly, we sustain respondent's deficiency determination.

## II. Section 6662 Penalty

Pursuant to section 6662(a), a taxpayer may be liable for a penalty of 20 percent on the portion of an underpayment of tax due to negligence or disregard of rules or regulations or a substantial understatement of income tax. Sec. 6662(b). An "understatement" is the difference between the amount of tax required to be shown on the return and the amount of tax actually shown on the return. Sec. 6662(d)(2)(A). A "substantial understatement" exists if the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for a taxable year or (2) $5,000. See sec. 6662(d)(1).

Section 7491(c) provides that the Commissioner shall bear the burden of production with respect to the liability of any individual for penalties. The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The evidence establishes that petitioner's understatement for 2000 exceeds the greater of 10 percent of the

tax required to be shown on the 2000 return or $5,000. Accordingly, respondent has met his burden of production.

Petitioner did not present any evidence indicating reasonable cause or substantial authority. Secs. 6662, 6664. Accordingly, we sustain respondent's penalty determination.

III. Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay.

It is clear to the Court that petitioner has instituted and maintained this proceeding primarily for delay. The Court granted several requests to extend the time for petitioner to perform certain actions including the time to file an amended petition and two motions to extend time to file opening brief. Notably, petitioner never filed any briefs.

Additionally, petitioner refused to meet with respondent in advance of trial to prepare his case for trial. He designated Boston, Massachusetts, as the place of trial even though he lived in Missouri, and he did not appear at trial. He presented a new theory of the case at calendar call (petitioner denied receiving money from Dynamex or attaching a Form 1099 to his 2000 return), and made respondent obtain new evidence on the eve of trial to rebut the new theory. We believe this new theory was contrived

by petitioner to delay trial by attempting to make it difficult for respondent to be ready to proceed.

Accordingly, we shall impose a penalty of $5,000 pursuant to section 6673.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.